UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20721-CR-ZLOCH

UNITED STATES OF AMERICA,

          Plaintiff,

                                        **O R D E R**

vs.

ROBERT GOLAN HILTON-THOMAS,

          Defendant.
_____/

THIS MATTER is before the Court upon Defendant Robert Golan Hilton-Thomas's Motion For Rehearing On Defendant's Motion To Dismiss Count One Of The Indictment (DE 59).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Defendant was charged with illegally reentering the United States without permission after having previously been deported in violation of 8 U.S.C. § 1326.  He filed a Motion To Dismiss Count One (DE 32) seeking to dismiss said charge.  The Court denied that Motion orally.  See DE 39.  A one-day bench trial was held, at which Defendant was found guilty as to Count 1.  Id.  While the Court was preparing a written Order setting forth its reasons for denying the Motion To Dismiss, Defendant then filed the instant Motion (DE 59) seeking reconsideration of the ore tenus Order denying his Motion To Dismiss.  By prior Order made orally in open court, the Court denied this Motion.  See DE 60.  In denying each of the instant Motions in open court, the Court issued an

abbreviated ruling from the bench and reserved the right to enter an Order articulating its reasons for doing so.  This is that Order.

I.

Defendant was convicted of sexual battery on a minor in Miami-Dade county on December 1, 2003.  He was incarcerated continuously until his deportation.  While in state custody, the Immigration and Naturalization Service began deportation proceedings against him in April of 2004, and an order of deportation was entered on December 13, 2004.  Defendant appealed the deportation order on January 6, 2005, to the Board of Immigration Appeals.  On May 25, 2005, the Board remanded the matter back to the Immigration Judge.  The Immigration Judge entered a new order of deportation on October 21, 2005.

Defendant contends that he "was not present and had no notice of any further proceedings."  DE 32, p. 2; DE 59, p. 2.  He insists that the second deportation order was entered outside of his presence and without his knowledge.  DE 32, pp. 2, 3-4.  At the time, he was in state custody serving his sentence.  On September 29, 2006, Defendant received a Warning For Failure To Depart, which informed him of the consequences of remaining in the United States after being ordered deported.  He was released from prison in October of 2006 and transferred to immigration detention pending deportation.  He was removed from the United States on December 8,

2006.  Defendant reentered the United States and was arrested in Miami on June 23, 2008.

## II.

## A. Motion To Dismiss

Defendant argues that Count 1 of the Superceding Indictment (DE 24) should be dismissed because his deportation, a necessary predicate for conviction on Count 1, violated his right to due process.  The Court finds that Defendant's Motion To Dismiss must be denied for two reasons.  First, there was no factual basis in the record to grant it.  Second, even on the facts as alleged by Defendant therein, it must be denied on the merits.

A deportation order may be challenged in a subsequent criminal prosecution in certain circumstances.  8 U.S.C. § 1326(d); United States v. Mendoza-Lopez, 481 U.S. 828 (1987).  Section 1326 specifically states that "the alien may . . . challenge the validity of the deportation order" if "the alien demonstrates that [certain conditions are true]."  8 U.S.C. § 1326(d).  Thus, Defendant bears the burden of persuasion to establish that the deportation proceedings were invalid.  Id.; United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002) (noting that "a defendant . . . may collaterally challenge" a deportation order and "a collateral attack on a deportation order . . . must show" that certain facts are true); United States v. Aguirre-Tello, 353 F.3d 1199, 1204 (10th Cir. 2004).

Defendant contends that he never received notice of the second deportation order.   DE 32, pp. 2, 3-4.   Thus, his lack of notice of the deportation order prevented his appeal of the same.   The law in this area is clear that depriving an alien of judicial review over a deportation order violates his right to due process of law. See Mendoza-Lopez, 481 U.S. at 837-39.   However, in conjunction with his Motion To Dismiss, Defendant failed to introduce any evidence to support the allegation that the deportation order was entered without his notice.

> The motion papers submitted by his counsel assert lack of notice as a fact, but they are not accompanied by an affidavit or other proffer of available evidence that might be offered at, and would trigger a need for, a factual hearing.   Indeed, it is less than clear that the purported lack of notice is more than an inference drawn by counsel from the fact of [defendant's] being in state custody when the notice was sent.

Zelaya, 293 F.3d at 1297.   Thus, Defendant failed to offer any evidence to the Court upon which it may find the facts necessary to grant his Motion To Dismiss.   "In other words, his evidentially unsupported factual assertions constitute only 'lawyer speak.'" Gay Guardian Newspaper v. Ohoopee Reg'l Library Sys., 235 F. Supp. 2d 1362, 1370 n.14 (S.D. Ga. 2002).   Accordingly, the Court finds that Defendant failed to meet his burden of establishing that the second deportation order violated his right to due process in his Motion To Dismiss (DE 32).

### B. Motion For Rehearing

The Court now turns to Defendant's instant Motion For

Rehearing (DE 59) and will also address, for the benefit of the Parties and any reviewing court, the Motion To Dismiss (DE 32) on the merits.

Section 1326 prevents an alien from challenging a deportation order in a subsequent criminal proceeding unless all of the following are shown to be true: (1) the alien has exhausted his administrative remedies available to seek relief against the order; (2) the deportation proceeding deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.  8 U.S.C. § 1326(d).

Defendant has failed to establish that entry of the deportation order was fundamentally unfair.  To establish fundamental unfairness, Defendant must demonstrate that specific errors prejudiced his rights.  Zelaya, 293 F.3d at 1298 (quotation omitted).  This means, at a minimum, Defendant must "demonstrate that the outcome of the deportation proceeding would have been different but for a particular error." Id. (citation omitted).  In the instant Motions, Defendant only argues that the lack of notice rendered the deportation order fundamentally unfair.  See DE 32, pp. 4-5; DE 59, pp. 5-6.  He raises no particular error in the deportation proceedings other than his lack of notice of the second deportation order.

Had Defendant promptly received notice of the deportation order, it would not thereby become fundamentally fair.  Zelaya, 293

F.3d at 1298 ("Appellant has not made even a suggestion that his knowledge of, or presence at, the deportation hearing would have altered the result."). Notwithstanding the lack of notice to Defendant, the Court notes that the second deportation order was proper. As stated above, the impetus to the deportation order was Defendant's conviction of sexual battery of a minor. Such a crime is, for immigration purposes, an aggravated felony. 8 U.S.C. § 1101(a)(43)(A) ("The term 'aggravated felony' means--(A) murder, rape, or sexual abuse of a minor."). "Any alien who is convicted of an aggravated felony at any time after admission is deportable." Id. § 1227(a)(2)(A)(iii). The courts have interpreted such deportation after conviction of an aggravated felony as non-discretionary and automatic. E.g., Zhang v. United States, 506 F.3d 162, 167 (2d Cir. 2007). Thus, Defendant cannot show that the result of the deportation proceedings would have been different because notice of the same would not have changed his status as an aggravated felon. No fundamental unfairness has been shown.

III.

For the reasons expressed above, the Court finds that Defendant failed to offer any evidence to the Court upon which it could base an Order granting his Motion To Dismiss (DE 32). In the alternative, the Court finds that Defendant's challenge of the deportation order in this criminal proceeding is barred by operation of § 1326(d) because he failed to show that entry of the

second deportation order was fundamentally unfair.  Therefore, the Motion To Dismiss (DE 32) and Motion For Rehearing (DE 59) were denied.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   7th   day of May, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record